```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Anne Deere,                           :      Case No. 1:05-cv-710
                                      :
    Plaintiff,                        :      Judge Sandra S. Beckwith
                                      :
vs.                                   :
                                      :
Javitch, Block and Rathbone           :
LLP, et al.,                          :
                                      :
    Defendants.                       :

                              ORDER

    Before the Court are several motions: defendant Javitch, Block & Rathbone's motion to dismiss under F.R.C.P. 12(b)(6) (Doc. 3); JB&R's motion for sanctions against Plaintiff and her counsel under 15 U.S.C. §1692k(a)(3) (Doc. 4); and defendant Melville Acquisitions Group's motion to dismiss (Doc. 12). Responses and replies have been filed concerning all three motions.

Factual Background

    Plaintiff Anne Deere alleges that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and the Ohio Consumer Sales Practices Act, R.C. 1345.01, et seq.

    Defendant Melville Acquisitions Group, LLC was the plaintiff in an underlying debt collection action, filed against Deere in the Lawrence County, Ohio municipal court. Defendant Javitch, Block & Rathbone LLP is a law firm, and defendant John Frank is a lawyer in that firm. JB&R filed the state court collection

complaint on behalf of their client, Melville. That complaint, styled as a "Complaint for Money" based upon an "extension of credit," sought a judgment against Deere for $4,436.35 plus interest. The complaint was supported by an affidavit, signed by a Melville agent, attesting that Anne Deere AKA Anne M. Deere owed Melville that amount. (Doc. 3, Exhibit 2, pp. 18 & 19)

Deere, represented by counsel, filed a motion for a more definite statement of Melville's claim. Melville, through JB&R, opposed that motion. The state court pleadings in the record contain a notice of hearing on the motion for March 22, 2005, but no indication of a ruling. On April 20, 2005, Melville voluntarily dismissed its complaint without prejudice. (Doc. 3, Exhibit 2, p. 1)

Deere then filed her complaint in this case, alleging the Defendants violated the FDCPA and the OCSPA by filing the collection action. Deere specifically alleges that Defendants violated the FDCPA "by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant Melville owned the debt." Compl. ¶9. Deere alleges this conduct violated Sections 1692d, 1692e and e(10), and 1692f of the FDCPA.

Defendants seek dismissal of Deere's claims, arguing that her allegations fail to state a claim for liability under either the FDCPA or the OCSPA. Defendant JB&R also argues that Deere's claims are barred by res judicata, based on Deere's settlement of a different FDCPA claim against JB&R.

-2-

**DISCUSSION**

I.  JB&R's Motion for Sanctions.

JB&R seeks an award of sanctions against Plaintiff and her counsel under 15 U.S.C. §1692k(a)(3).  That section of the FDCPA permits the court to award defendant attorney's fees upon the court's finding that plaintiff's action "was brought in bad faith and for the purpose of harassment."  JB&R contends that Deere's action meets both tests, because Deere's counsel was unsuccessful in maintaining an identical claim in Harvey v. Great Seneca Financial, Case No. 1:05-cv-047.  JB&R also cites Fisher v. Asset Acceptance, 2005 U.S. Dist. LEXIS 14902 (N.D. Ill. July 26, 2005), which JB&R asserts rejected identical claims.  In Fisher, the district court granted a law firm's motion to dismiss an FDCPA claim, holding that a law firm is not required to "conduct its own independent research" regarding the validity of its client's claim or the client's affidavit before filing an action to collect a debt.

Two district court opinions rejecting claims that are similar to plaintiff's in this case do not constitute a "body of well settled law," such that plaintiff and her counsel should be subject to sanctions for asserting her claim here.

JB&R also lists the fifteen FDCPA cases that Plaintiff's counsel have filed in this district over the past year and a half, suggesting that the "sheer number" establishes counsel's intent to harass JB&R.  While it appears that JB&R is a defendant in many of those cases, it is also clear that JB&R specializes in

debt collection law practice. There is no indication that Plaintiff's counsel have singled out JB&R from all other debt collectors in prosecuting FDCPA claims. Moreover, the Court notes that several of these cases are on appeal of interlocutory orders **denying** defendants' motions to dismiss FDCPA claims. Thus the claims are not simply frivolous.

JB&R obviously disagrees with Plaintiff's theory of FDCPA liability in this case. But the Court cannot conclude, based upon two district court opinions, that Plaintiff is acting in bad faith in filing this lawsuit. Nor can the Court conclude that her counsels' zealous advocacy about the parameters of FDCPA's consumer protection is bad faith, or intended solely to harass JB&R. The Sixth Circuit has described the statute as "extraordinarily broad" and its terms must be literally enforced. See Frey v. Ganqwish, 970 F.2d 1516, 1521 (6th Cir. 1992). The fact that Messrs. Felson and Shane have apparently developed a practice of prosecuting FDCPA cases does not suggest any nefarious motive or bad faith on their part.

JB&R's motion for sanctions (Doc. 4) is therefore denied.

II. Defendants' Motions to Dismiss.

A. Standard of Review.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See Scheuer v. Rhodes, 416 U.S. 232, 236

(1974), and Lewis v. ACB Business Services, 135 F.3d 389, 405 (6th Cir. 1998).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations.  Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974).  A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory.  Lewis v. ACB, 135 F.3d at 405 (internal citations omitted).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, the Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

B.   The Fair Debt Collection Practices Act.

Congress enacted this statute "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).  As noted above, the statute is very broad and must be enforced as written, even in the face of an innocent and/or de minimis violation.  See Frey v. Gangwish, 970 F.2d 1516, 1521 (6th Cir. 1992).  The Court must evaluate the defendant's conduct under the "least sophisticated

-5-

consumer" test, and objectively determine whether that consumer would be misled. Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1029 (6th Cir. 1992).

    C.    Discussion

This case involves almost identical facts and claims to those at issue in Davis v. NCO Portfolio Management, Case No. 1:05-cv-734. Deere's complaint, like the one in Davis, does not allege that the state court collection complaint JB&R filed against her, or Melville's affidavit attached to it, contained a false representation. That critical fact distinguishes this case from Kelly v. Great Seneca Financial Corp., Case No. 1:04-cv-615. There, this Court denied JB&R's motion to dismiss because the plaintiff alleged that the state court pleading made false statements about a debt, and therefore stated a claim under Section 1692e of the FDCPA. (See June 16, 2005 Order, Doc. 25.)

Deere's complaint also bears a striking resemblance to the complaint in Harvey v. Great Seneca Financial Corp., S.D. Ohio Case No. 1:05-cv-047 (Dlott, J.). There, JB&R represented Great Seneca Financial and filed a collection lawsuit in Ohio municipal court against Harvey. Harvey sought discovery about details of the alleged debt. After Great Seneca could not or would not provide the requested details, Great Seneca voluntarily dismissed its lawsuit. Harvey then sued under the FDCPA, alleging that Great Seneca and JB&R violated the FDCPA "by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant

Great Seneca . . . owned the debt." (Dkt. 1:05-cv-047, Doc. 18 at p. 2) The district court dismissed Harvey's claims under FDCPA §1692d and §1692e(10), finding that the allegations failed to state a claim under the statute.

Defendants urge this Court to follow Harvey and dismiss Deere's claims, including her claim under §1692f. Deere urges the Court not to do so, arguing that her complaint supports a "new theory" of liability (see Doc. 8, p. 5 n. 3). That "theory," as described in Deere's brief opposing JB&R's motion (Doc. 8), is that Melville buys old, defaulted debt for pennies on the dollar. In these transactions, the seller of the debt provides only minimal summary information about the original debt. Melville, represented by JB&R, then routinely files state court collection actions supported only by the summary information. The default rate on these lawsuits "is at least ninety percent" according to Deere. Obtaining a default permits Melville/JB&R to garnish the judgment debtor, even though the debt was never "proved up" in a contested court action. But when a debtor appears in the action and asks for documentation on the debt, the Defendants routinely dismiss the collection action, based on the economics of pursuing a judgment in those circumstances.

The Court notes that facts to support this "theory" are not alleged in Deere's complaint. The same was true in both Harvey and in Davis, where plaintiff's "theory" appeared only in a brief. Even if these facts were properly alleged, however, they

do not support a reasonable inference that the filing of the lawsuit runs afoul of the FDCPA. This Court has previously found that filing a civil debt collection lawsuit is not conduct to which FDCPA Section 1692d is addressed. That section prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." See Kelly v. Great Seneca, supra, and Hartman v. Asset Acceptance Corp., Case No. 1:03-cv-113, Order dated September 29, 2004 (Doc. 59). The Harvey court reached the same conclusion. Deere offers no persuasive reason for this Court to reach a different result here.

Deere also argues that the act of filing a lawsuit that the creditor intends to dismiss if the defendant debtor requests verification of the original debt is no different from filing a lawsuit on a time-barred claim, and thus violates Sections 1692e, e(10) or 1692f. The Court disagrees. Filing a complaint to collect a debt that has been extinguished by the passage of time clearly falls within Section 1692e(2), prohibiting false representations about the character or legal status of any debt. It may also violate Section 1692f, which prohibits "unfair or unconscionable" methods of debt collection. See, e.g., Kimber v. Federal Financial Corp., 668 F.Supp. 1480 (M.D. Ala. 1987).

However, filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the character or legal status of a debt, nor is it unfair or unconscionable. A defendant in any

lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging a complaint, or through discovery. Deere does not allege that anything in the state court complaint was false, or that the complaint was baseless. She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint. The FDCPA imposes no such obligation.

It is also undisputed that Ohio law permits a plaintiff an absolute right to one dismissal without prejudice under Civ. R. 41(A)(1)(a), for any reason or for no reason, any time before trial. Melville's exercise of that right in the underlying case, absent factual allegations of a false representation or unconscionable conduct, does not transform the filing of its complaint into an FDCPA violation.

The Court finds nothing in the record in this case that justifies a result different from that reached by the district court in Harvey. This Court finds that Deere has not stated a claim for relief under 15 U.S.C. §1692d, §1692e, §1692e(10) or §1692f against JB&R or Melville Acquisitions Group. In view of this conclusion, the Court need not address Defendants' alternative arguments concerning res judicata, various forms of immunity, First Amendment protection, and the Noerr-Pennington doctrine. Defendants' motion (Doc. 15) for leave to file a supplemental memorandum, addressing Todd v. Weltman, Weinberg & Reis Co., 2006 Fed.App. 0014P (6th Cir., January 13, 2006), is denied as moot.

Since the Court is dismissing Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's claim under the Ohio Consumer Sales Practices Act, and dismisses that claim without prejudice.  The Court finds there would be no substantial savings in judicial resources from resolving those claims at this time.  See <u>Hankins v. The Gap, Inc.</u>, 84 F.3d 797, 803 (6th Cir. 1996).

Therefore, JB&R's motion for sanctions against Plaintiff (Doc. 4) is DENIED.  JB&R's motion to dismiss (Doc. 3) and Melville Acquisition Group's motion to dismiss (Doc. 12) are both GRANTED.  Plaintiff's federal claims are dismissed with prejudice, and the state law claims are dismissed without prejudice.

SO ORDERED.

DATED: February 7, 2006                    <u>s/Sandra S. Beckwith</u>
                                           Sandra S. Beckwith, Chief Judge
                                             United States District Court